M. Levinsohn and Solon Gold, Trading as Motor Car Finance Company, Defendants in Error, v. Martin P. Miller, Plaintiff in Error.

Gen. No. 32,967.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed February 11, 1929.

C. W. LARSEN and F. J. KARASEK, for plaintiff in error.

MORT. D. & FRANK GOLDBERG, for defendants in error; MORT. D. GOLDBERG, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought an action of trover against the defendant for the conversion of a truck, their claim being in the sum of $800. Upon trial before the court without a jury there was a judgment in favor of the plaintiffs for $800 and the defendant has sued out this writ of error.

The record discloses that the defendant owned a motor truck which was incumbered by a chattel mort-

gage which he was unable to pay when the indebtedness became due. He applied to plaintiffs who agreed to advance the money to pay off the mortgage. This was done and defendant gave plaintiffs a chattel mortgage to secure his indebtedness to them. Defendant made payments from time to time on account of his indebtedness to the plaintiffs. He afterwards disposed of the truck to a third party without the written consent of the plaintiffs and, according to their testimony, without any knowledge on their part, although the defendant offered testimony tending to show that he had obtained plaintiffs' consent to dispose of the truck. After the truck was disposed of, the evidence is undisputed that plaintiffs became aware of that fact but were unable to locate the truck, and they demanded payment of the balance due them from the defendant. The defendant made some payments after the truck had been disposed of. It was agreed upon the trial that there was a balance due from defendant to plaintiffs of $442.83. There was evidence indicating that the value of the truck at the time defendant disposed of it was $1,000.

Defendant contends that he should have been allowed a jury trial which he requested at the time the case was called for trial, but this was not in accordance with the statute. Cahill's St. ch. 37, ¶ 418.

A number of other contentions are made, but in the view we take of the case it will be unnecessary to notice them further than to say that, since it was admitted that there was a balance of $442.83 due plaintiffs, the judgment in excess of this sum is unwarranted. The only interest plaintiffs had was to receive the balance due them under the mortgage. They were not entitled to the value of the truck. Under the evidence plaintiffs were not entitled to recover what they claimed to have expended in employing detectives.

The judgment of the municipal court of Chicago is reversed, and judgment will be entered here in favor of the plaintiffs and against defendant for $442.83.

*Reversed and judgment here for $442.83.*

McSurely and Matchett, JJ., concur.